PETLOCK, Respondent, v. KICKHAFER and another, Appellants.

*March 5—April 7, 1959.*

For the appellants there was a brief by *Holden & Schlosser* and *John R. Holden* and *Arthur J. Olsen,* all of Sheboygan, and oral argument by *John R. Holden.*

For the respondent there was a brief and oral argument by *Henry P. Hughes* of Oshkosh.

BROADFOOT, J. The sole issue presented upon this appeal is whether or not the trial court abused its discretion in ordering a new trial.

The defendant advances four reasons for stating that the trial court did abuse its discretion. First, it is contended that the trial court's decision is predicated on an improper interpretation of a fact and the failure to take into account the findings of the jury. In its memorandum decision the court referred to the hazard which would be created by a stationary vehicle or a vehicle moving so slowly as to be practically stationary on the downslope of the highway. The jury found that the defendant's automobile was not negligently stopped upon the highway. For the purposes of this appeal we may assume, without so deciding, that the trial court did improperly make reference to a stationary vehicle in view of the jury's finding.

It is next argued that the decision is based on an erroneous interpretation of the law. In its memorandum decision the trial court said:

"Trial courts are frequently met with similar situations. Only recently our own supreme court in *Bannach v. State Farm Mut. Automobile Ins. Co.* 4 Wis. (2d) 194, was confronted with an identical situation of a jury finding of causal negligence of 50 per cent to each driver. In that case, likewise, the trial court found negligence as a matter of law on the part of the plaintiff in respect to making a signal of an

intention to make a right turn, where the plaintiff made no claim that he had given such signal. The *Bannach Case,* as does the instant case now before the court, is one where the only explanation of a 50–50 per cent finding of causal negligence to each driver can be accounted for only by the fact that the jury placed undue weight on the court's finding of negligence on the part of the plaintiff driver as a matter of law."

The defendant insists that the decision in the *Bannach Case* did not hold or infer that the jury placed too much weight on the court's finding of negligence on the part of one driver as a matter of law. It is true that the decision therein did not so state. However, we believe the inference drawn by the trial court is warranted.

The defendant further contends that the trial court, in making its decision, used facts of which it had knowledge but which facts were not known to the jury. In its memorandum decision the trial court referred to a jury view of the scene of the accident at the former trial, which the court, of course, attended. It also made reference to traveling over the identical highway at the point of the collision. The jury did not view the scene during this trial. However, photographs of the scene of the accident were received in evidence upon this trial. The defendant in her brief states that Highway 44 in the area of the accident was hilly and curved, with reverse curves both north and south of the point of accident. Although based upon its own observations, the court made no statements as to the topography and contour of the scene of the accident that were not shown by the photographs and statements in the record.

Finally, the defendant contends that the decision is against the great weight of testimony and the testimony was viewed in a biased manner by the trial judge. We cannot agree that the decision is against the great weight of the testimony. If the argument had been directed to the finding of the jury

rather than the decision of the trial court we could heartily agree. The trial court correctly found that the jury's findings of percentages of causal negligence were against the weight of the evidence. The record reveals that the defendant voluntarily entered upon the highway with a disabled automobile, with a slim and unrealized hope that sufficient momentum would be gained so that the automobile would start when the clutch was released and the gears engaged. A person of ordinary prudence should certainly have foreseen that she was creating a traffic hazard by so doing. The defendant testified that before going out upon the highway she placed the car in low gear instead of high gear. She had learned since the date of the accident that this was not the approved method of attempting to start a motor. She was negligent to a high degree.

Even though the trial court may have commented upon its personal knowledge and even if it improperly interpreted the findings of the jury, which we do not determine, it had sufficient reasons for ordering a new trial in the interest of justice.

*By the Court.*—Order affirmed.